WHATLEY, Judge.
Doris Miller appeals the trial court’s finding that John J. Bristow, as personal representative of the estate of John M. Bristow (the estate), was entitled to certain funds. The funds in question involved money market accounts titled jointly in the names of Miller and the decedent, certificates of deposit titled in the decedent’s name in trust for Miller, and a transfer of $10,000 by the decedent four days before his death to an account titled solely in Miller’s name. We affirm in part and reverse in part.
Count I of the estate’s complaint against Miller was filed pursuant to section 655.79(2), Florida Statutes (1993). This statute addresses the presumptions involved when two or more persons are listed on an account. We affirm the judgment in favor of the estate on this count as it pertains to the money market accounts and certificates of deposit. However, we reverse the award of the $10,-000 transfer. The estate pleaded no relief entitling it to this amount. Section 655.79(2) does not apply to these funds because they were not titled jointly in the name of Miller and the decedent at the time of his death.
The estate filed a cross-appeal alleging that the trial court erred in dismissing its remaining count, which alleged fraud. We affirm the trial court’s dismissal of this claim without discussion.
Lastly, Miller correctly contends and the estate agrees that the judgment was overstated by the sum of $1,219.44.
Based on the foregoing, this matter is remanded to the trial court for entry of an amended final judgment consistent with this opinion.
Affirmed in part; reversed in part.
PATTERSON, A.C.J., and ALTENBERND, J., concur.